**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| GREGORY T. GRANT, | : | Civil No. 04-1748 (DMC) |
| Plaintiffs, | : | |
| v. | : | **OPINION** |
| STATE OF NEW JERSEY, | : | |
| Defendant. | : | |

**APPEARANCES**:

    GREGORY T. GRANT, #248480, Plaintiff Pro Se
    Riverfront State Prison
    P.O. Box 9104
    Camden, New Jersey 08101

**CAVANAUGH, District Judge:**

    Plaintiff Gregory T. Grant, a New Jersey prisoner who is confined at Riverfront State Prison, filed a Motion to Suspend Child Support and Alimony Payments, which this Court construed as a civil Complaint. The Court (1) grants Plaintiff's application to proceed in forma pauperis; (2) directs the Clerk to file the Complaint; (3) assesses the $250.00 filing fee against Plaintiff; (4) directs the New Jersey Department of Corrections to deduct an initial partial filing fee from Plaintiff's prison account and forward same to the Clerk of the Court, when funds exist; and (5) directs the New Jersey Department of Corrections to forward payments from Plaintiff's prison account to the Clerk each subsequent month the amount in the account exceeds $10.00, until the $250.00 filing fee is paid in full. See 28 U.S.C. § 1915(a), (b). Having thoroughly reviewed Plaintiff's pleading, the Court will dismiss the action for lack of jurisdiction.

## I. BACKGROUND

Plaintiff asserts that, while he was incarcerated, the Superior Court of New Jersey, Middlesex County, Family Part, entered a final judgment of divorce in Grant v. Grant, Docket No. FM-12-1720-03, final judgment (Superior Ct. of N.J., Ch. Div. June 18, 2003). Plaintiff asserts that he filed two motions in the Superior Court of New Jersey, Family Part, Middlesex County, in the action asking the Court to suspend child support and alimony payments during his incarceration.

The following documents are attached to Plaintiff's papers: a copy of the final judgment of divorce which, inter alia, dissolves the marriage and orders Gregory Thomas Grant to pay child support of $110 per month and alimony of $100 per month through the Middlesex County Probation Department; a copy of a motion by Gregory Grant to suspend child support and alimony payments, filed in the Superior Court of New Jersey; and orders filed in the Superior Court of New Jersey on June 1, 2004, and July 9, 2004, denying Gregory Grant's motions.

Plaintiff asserts that the Superior Court of New Jersey violated New Jersey law in denying his motions regarding child support and alimony. For relief, Plaintiff asks this Court to suspend the child support and alimony payments during his incarceration.

## II. LEGAL STANDARD FOR SUA SPONTE DISMISSAL

The in forma pauperis statute, as amended by the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A. The

PLRA requires the Court to <u>sua sponte</u> dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. <u>Id.</u>

A <u>pro se</u> complaint is held to less stringent standards than formal pleadings drafted by lawyers. <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." <u>Neitzke v. Williams</u>, 490 U.S. 319, 328 (1989); <u>see also</u> <u>Roman v. Jeffes</u>, 904 F.2d 192, 194 (3d Cir. 1990). "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.' " <u>Swierkiewicz v. Soreman</u>, 534 U.S. 506, 514 (2002) (quoting <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984)); <u>see also</u> <u>Alston v. Parker</u>, 363 F.3d 229, 233 n.6.

### III.  DISCUSSION

A.  <u>Subject Matter Jurisdiction</u>

Federal courts are courts of limited jurisdiction. <u>See</u> <u>Mansfield, C. & L. M. Ry. Co. v. Swan</u>, 111 U.S. 379, 383 (1884). As the Supreme Court emphasized,

> it is appropriate to restate certain basic principles that limit the power of every federal court. Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto.

<u>Bender v. Williamsport Area School Dist.</u>, 475 U.S. 534, 541 (1986).

"Every grant of federal jurisdiction must fall within one of the nine categories of cases and controversies enumerated in Article III." <u>In re TMI Litigation Cases Consol. II</u>, 940 F.2d

832, 861-62 (3d Cir. 1991) (Scirica, J., concurring) (citing Hodgson v. Bowerbank, 5 Cranch (9 U.S.) 303, 3 L.Ed. 108 (1809)). Article III of the Constitution provides:

> The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority;--to all Cases affecting Ambassadors, other public Ministers and Consuls;--to all Cases of admiralty and maritime Jurisdiction;--to Controversies to which the United States shall be a Party;--to Controversies between two or more States;--between a State and Citizens of another State;--between Citizens of different States;--between Citizens of the same State claiming Lands under Grants of different States, and between a State, or the Citizens thereof, and foreign States, Citizens or Subjects.

U.S. Const. art. III, § 2.

The essential facts establishing federal jurisdiction must appear on the face of the complaint. See McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 182, 189 (1936). The plaintiff, "who claims that the power of the court should be exerted in his behalf . . . must carry throughout the litigation the burden of showing that he is properly in court." Id. at 189; see also Turner v. Bank of North America, 4 U.S. 8, 10 (1799). Moreover, lack of subject matter jurisdiction may be raised by the Court sua sponte at any time. See Bender, 475 U.S. at 541; Louisville & Nashville Railroad Co. v. Mottley, 211 U.S. 149, 152 (1908); Van Holt v. Liberty Mutual Fire Ins. Co., 163 F.3d 161, 166 (3d Cir. 1998).

(1) Diversity Jurisdiction

The constitutional grant of diversity jurisdiction extends to "Controversies . . . between Citizens of different States." U.S. Const. art. III, § 2; see also 28 U.S.C. § 1332. Diversity jurisdiction is determined by examining the citizenship of the parties at the time the complaint is filed. Smith v. Sperling, 354 U.S. 91 (1957). As the face of the Complaint at bar indicates that

all parties are citizens of New Jersey, the Court does not have diversity jurisdiction over the action.

(2) Federal Question Jurisdiction

A district court may also exercise jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority." U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331. Specifically, 42 U.S.C. § 1983 authorizes a person to seek redress for a violation of his or her federal rights by a person who was acting under color of state law. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

In this case, Plaintiff claims that an order issued by the Superior Court of New Jersey in a divorce action is contrary to New Jersey law. He asks this Court to vacate the order. His claim fails as a matter of law because the Constitution does not require states to follow their own laws and "[a]n alleged violation of state law . . . does not state a claim under section 1983." Elkin v. Fauver, 969 F.2d 48, 52 (3d Cir. 1992), cert. denied, 506 U.S. 977 (1992). See also Owensboro

Waterworks Co. v. City of Owensboro, 200 U.S. 38, 47 (1906) ("Many acts done by an agency of a state may be illegal in their character when tested by the laws of the state, . . . and yet they cannot, for that reason alone, be impeached as being inconsistent with the due process of law enjoined upon the states"). As there is no basis for this Court to exercise jurisdiction over what are essentially claims arising under state law, the Court will dismiss the Complaint in its entirety for lack of subject matter jurisdiction.

## IV. CONCLUSION

The Court grants Plaintiffs application to file the Complaint in forma pauperis pursuant to 28 U.S.C. § 1915(a) and (b) and dismisses the Complaint for lack of jurisdiction.

DENNIS M. CAVANAUGH, U.S.D.J.

Dated: June 27, 2005